

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:  Opinion No. O-5648-A

Re: Necessity for a seal upon
Comptroller representative's
certificates under Article 7065b-
24 Vernon's statutes.

Your letter requesting a supplemental opinion upon
our Opinion No. O-5648 is as follows:

"On November 16, 1944, you advised me in
Opinion No. O-5648, that Comptroller employees
and representatives designated by me to dis-
charge certain duties in connection with the
administration and enforcement of the motor
fuel tax law would legally administer oaths or
affirmations in connection with such duties
under authority granted by the Legislature in
Section 24, of the motor fuel tax act.

"The question now arises as to whether or
not the law requires that a seal be affixed to
or impressed upon each instrument subscribed
and sworn to before such representative to
validate it.

"Article 4344, Vernon's Annotated Civil
Statutes, reads as follows:

"'Among other duties the Comptroller
shall: 1. Procure a seal with words
"Comptroller's Office, State of Texas"
engraved around the margin and a five-
pointed star in the center, which shall
be used as the seal of his office to
authenticate all his official acts, ex-
cept warrants drawn on the State Treas-
ury. * * *'

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Will you please advise me whether or not
the administering of an oath or affirmation as
contemplated in your former opinion will require
the impression of a seal on the instrument sub-
scribed and sworn to before such Comptroller
representative in order to make the oath or af-
firmation one that is legally administered in
the manner required by law?"

The requirement of a seal to an officer's cer-
tificate to an affidavit or an acknowledgment is matter
of statute. Thus, Article 6602 of the Revised Civil Stat-
utes enumerates the officer authorized to make proof of in-
struments of writing for record. Article 6606 requires such
officer to make "his official certificate signed by him and
given under his seal of office." Again, by Section 18 of
Article 23 of the Revised Civil Statutes, an affidavit is
defined as meaning "a statement in writing of a fact or
facts signed by the party making it, and sworn to before
some officer authorized to administer oaths, and official-
ly certified to by such officer under his seal of office.

Article 27 of the Revised Civil Statutes declares:

"Each commissioner and each commission and each
board which is or may be created by laws of this
State shall have authority to adopt a seal with
which to attest its official documents, certifi-
cates, or any official written paper of any kind.
* * *"

Specifically, the Comptroller of Public Accounts is
required to "procure a seal with words 'Comptroller's Office,
State of Texas' engraved around the margin, and a five-pointed
star in the center, which shall be used as the seal of his of-
fice to authenticate all his official acts, except warrants
drawn on the State Treasury."

The statutes prescribe the character of seals to be
used by certain other officers.

It would appear that the necessity for the use of a
seal by any officer, therefore, is purely one of statute, and,
therefore, absent such a statutory requirement, an officer who
is clothed with the power to give certificates of affidavit or
acknowledgment may do so without a seal. This statement, of

course, is subject to the requirement as to those instruments to be registered, such as deeds and the like.

The authorized representatives of the Comptroller with the powers vested in them, as shown in Section 24 of Article 7065b, Vernon's Civil Statutes, and quoted in our Opinion No. 0-3648, are not specifically required to attest their certificates with a seal, although they have specific authority to make such certificates.

It is, therefore, the opinion of this department that such representatives may make certificates to affidavits and acknowledgments over their own name and official status without the necessity for affixing any character of seal. Such certificate should be in the usual form used by Notaries Public, and signed in the individual name of the representative, followed by the official designation of "Authorized Representative of the Comptroller of Public Accounts of Texas."

It is further our opinion, however, that your appointment of such representative should be in your official capacity and attested by your official seal. This constitutes the source of his appointment and consequent power under the statute. This is the official act of the Comptroller which requires the statutory seal, whereas the act of the representative is in virtue of the statutory power of such representative in his own official right, such representative having taken the prescribed oath of office after his appointment.

Of course, your representatives have no power to make such certificates except in respect to the particular duties enjoined upon them by their appointment. We attach hereto copy of our recent Opinion No. 0-6906 emphasizing this limitation upon power. It will be noted that the statute of special authority of the individuals there named dealt specifically with the question of seals.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN